UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 08 CR 398 |
| v. | ) | |
| | ) | Judge Joan Humphrey Lefkow |
| BENY GARNEATA, et al. | ) | |
| | ) | |

**AGREED PROTECTIVE ORDER
DIRECTING THE INTERLOCUTORY SALE OF
<u>CERTAIN REAL PROPERTY SUBJECT TO FORFEITURE</u>**

This matter coming before the Court on the government's agreed motion for entry of a protective order directing the interlocutory sale of certain real property, pursuant to the provisions of Title 21, United States Code, Section 853(e)(1)(A), as incorporated by Title 28, United States Code, Section 2461(c), and the Court being fully advised finds as follows:

(a) On August 14, 2008, a multi-count indictment was returned charging defendants Dumitru Curescu, Lavinia Curescu and others with conspiracy to bribe City of Chicago officials with respect to the issuance of various permits involving real property pursuant to the provisions of 18 U.S.C. § 371, among other violations;

(b) Pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the indictment seeks forfeiture to the United States of property involved in or traceable to the bribery offenses, including the real property commonly known as 1637-39 W. Granville/6139-41 N. Paulina, Chicago, Illinois and legally described as:

> LOT 10 IN DONOVAN AND OTHERS SUBDIVISION OF LOT
> 1 AND THE NORTH 148 FEET OF LOT 2 IN ROSEHILL
> CEMETERY COMPANY'S SUBDIVISION IN THE
> SOUTHEAST ½ OF THE NORTHEAST¼ OF SECTION 6,
> TOWNSHIP 40 NORTH, RANGE 14, EAST OF THE THIRD
> PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Permanent Identification No.: 14-06-217-001-0000;

(c) To preserve its interest in the real property, pursuant to an order entered on May 27, 2009 by Chief Judge James F. Holderman, the United States recorded a *lis pendens* notice in the Cook County Recorder's Office, Chicago, Illinois, against the property;

(d) Granville LLC is the record owner of the above real property. The Granville property was a redevelopment project that consists of several units that are currently being marketed for sale;

(e) The United States requests action by this Court to preserve the *status quo*, so that, in the event a judgment of forfeiture is entered against the defendants, the United States will be able to satisfy the judgment with property or funds which constitutes or is traceable to the charged bribery offenses;

(f) Pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c), this Court has jurisdiction to enter orders or to take other action to preserve and to protect property to insure that the property or its equity will be available for forfeiture in the event of conviction;

(g) Title 21, United States Code, Section 853(e)(1), as incorporated by 28 U.S.C. § 2461(c), provides in pertinent part:

> Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section -
>
>> (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section;

(h) Upon review of the closing statement and approval of the proposed disbursements, which shall be provided the government at least forty-eight hours prior to the scheduled closing, the government will agree to advise the title company that the sale may proceed.

(i) Failure to take the proposed action relating to the foregoing property, in all probability, will result in economic damage to the values of the units and jeopardize the availability of any equity in the foregoing units, thus making the properties or proceeds from the sales unavailable for forfeiture.

(j) The government requests that the proceeds from the sale of each unit be held as a substitute res until further order of this court.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED:

1. That the government's motion for entry of a protective order, pursuant to the provisions of 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c), relating to the real property commonly known as 1637-39 W. Granville/6139-41 N. Paulina, Chicago, Illinois ("the Granville property") and legally described as:

> LOT 10 IN DONOVAN AND OTHERS SUBDIVISION OF LOT 1 AND THE NORTH 148 FEET OF LOT 2 IN ROSEHILL CEMETERY COMPANY'S SUBDIVISION IN THE SOUTHEAST ½ OF THE NORTHEAST¼ OF SECTION 6, TOWNSHIP 40 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.
>
> Permanent Identification No.: 14-06-217-001-0000

is granted;

2. That the government will execute a partial release of lis pendens notice for every individual unit that is sold, and upon satisfaction of certain costs, namely, any verified

commissions, real estate taxes, and any additional costs agreed to by the parties, the remaining proceeds from the sale of the individual units of the Granville property, if any, will be transferred to the United States Marshal and retained in an escrow account by the United States Marshal pending further order of this Court;

3. That the government will execute a partial release of lis pendens notice for the sale of each individual unit of the Granville property as described in paragraph 2 until further order of Court;

4. That, this Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this protective order.

JOAN HUMPHREY LEFKOW
United States District Judge

DATED: 7-22-09